**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

        **v.**               **07-CR-0192A(Sr)**

**RHAMELLE LAMONT JACKSON,**

        **Defendant.**
_____

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.

## PRELIMINARY STATEMENT

The defendant, Rhamelle Lamont Jackson ("the defendant"), is charged in an Indictment with having violated Title 18 U.S.C. §§ 922(k) and 924(a)(1)( B) (Count 1) and also faces a forfeiture count (Count 2) pursuant to 18 U.S.C. §§ 924(d) and 3665. (Docket #1). He has filed an omnibus discovery motion wherein he seeks: (1) "disclosure of the identities of all government informants;" (2) disclosure and production "of all items or information to which the defendant is entitled" pursuant to Rule 16 of the Fed. R. Crim. P.; (3) production of *Brady, Giglio* and *Jencks* materials; (4) "disclosure of evidence pursuant to Rules 404(b), 608 and 609 of the F.R.E.;" (5) "preservation of rough notes and other evidence;" (6) permission allowing "active

counsel participation in *voir dire*;" (7) "pretrial production of government summaries; (8)

permission "to *voir dire* government experts outside the presence of the jury;"

(9) "disclosure of grand jury transcripts;" (10) permission "to make other motions."

(Docket #7).


The government has filed a response to these requests.  (Docket #9).


Each of the defendant's requests will be separately addressed herein.


## DISCUSSION AND ANALYSIS

### 1.      "Disclosure Of The Identities Of All Government Informants:"

Since the government has responded by stating that "there are no

government informants involved in this case that will be called as witnesses during the

government's case in chief during a trial of this indictment," the defendant's motion is

DENIED on the basis that it is moot.


### 2.      Disclosure And Production Of Items Or Information
###          Pursuant To Rule 16, Fed. R. Crim. P.:

The defendant has requested production of various documents and

tangible objects as well as various scientific reports and laboratory analyses.  The

defendant has also requested production of any and all statements which the

government will attribute to him in the prosecution of this case along with his criminal

record and history of prior bad acts.

In response to this request, counsel for the government has stated that he has turned over, or will turn over, or make available for inspection by the defendant, all materials and information to which the defendant is entitled in accordance with the requirements of Rule 16(a)(1) of the Federal Rules of Criminal Procedure.  As a result of these representations by counsel for the government, the defendant's request for Rule 16(a)(1) materials is DENIED on the basis that it is moot.

**3.    Production Of *Brady, Giglio* And *Jencks* Materials:**

The defendant has made a broad request for any and all materials and/or information, including a culling of government agent personnel files, that would be "exculpatory" to the defendant which the Court interprets as a broad request for "*Brady*," "*Giglio*" and "*Jencks*" materials as the defendant has used those labels in his motion.

Counsel for the government has acknowledged his responsibility under *Brady v. Maryland*, 373 U.S. 83 (1963) and subsequent cases and has stated that the government does not possess any "'exculpatory' material within the contemplation of *Brady*." (Docket #9, p. 6).  The government has also represented that it will comply with the requirements of 18 U.S.C. § 3500 with respect to production of statements of witnesses called to testify at trial.  As a result of these representations, the defendant's request for such materials, *i.e., Brady, Giglio* and *Jencks* is DENIED, but the government is hereby directed to comply with the Second Circuit Court of Appeals' holding in *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001) and *United States v.*

*Rodriguez*, 496 F.3d 221 (2d Cir. 2007) by making timely disclosure of those materials to the defendant.

"[A]s a general rule, *Brady* and its progeny do not require immediate disclosure of all exculpatory and impeachment material upon request by a defendant." *Id*. at 146.  The prosecution is obligated to disclose and turn over *Brady* material to the defense "in time for its effective use."  *Id*. at 144.  With respect to impeachment material that does not rise to the level of being *Brady* material, such as *Jencks* statements, the prosecution is not required to disclose and turn over such statements until after the witness has completed his direct testimony.  *See* 18 U.S.C. § 3500; Rule 26.2 Fed.R.Crim.P.; *In Re United States*, 834 F.2d 283 (2d Cir. 1987).  However, if the government has adopted a policy of turning such materials over to the defendant prior to trial, the government shall comply with that policy; or in the alternative, produce such materials in accordance with the scheduling order issued by the trial judge.

**4.    "Disclosure Of Evidence Pursuant To Rules
        404(b), 608 And 609 Of The F.R.E.:"**

In response to this request, the government has stated that it "does not intend to introduce evidence at a trial of this indictment pursuant to the Federal Rules of Evidence 404(b), 608 and 609."  (Docket #9, p. 7).  As a result, the defendant's request is DENIED on the basis that it is moot.

5.      **"Preservation Of Rough Notes And Other Evidence:"**

The defendant seeks to compel the government to "retain and preserve all rough notes taken as part of [its] investigation whether or not the contents of the notes are incorporated in official records."  He also seeks to require "the government to preserve and protect from destruction, alteration, mutilation or deletion any and all evidence acquired in [its] investigation of the defendant."  Docket #7, pp. 13-14.

The government advises that it "will inform agents and law enforcement officers involved in this case to preserve any rough notes taken as part of their investigation."  Docket #9, p. 8.  By reason of this commitment, the defendant's request as to "rough notes" is DENIED on the basis that it is moot.  As to the defendant's broader request seeking preservation of "all evidence acquired in [the government's] investigation of the defendant," the Court considers this an overly broad request for which there is no legal support and, therefore, this request is DENIED.

6.      **"Active Counsel Participation In *Voir Dire*:"**

Conducting *voir dire* of prospective jurors is a matter normally performed by the trial judge to whom the case has been assigned.  However, the trial judge has discretion to allow participation in the *voir dire* process by counsel for the parties in a manner designated by said trial judge.  Rule 24(a) Federal Rules of Criminal Procedure. Therefore, defendant's request is DENIED by this Court without prejudice, and it may be renewed by counsel before the trial judge.

**7.      "Pre-Trial Production Of Government Summaries:"**

The government has responded to this request by stating that it "is
unaware of any summaries which it intends to use at trial" but should "a summary [be]
prepared, copies will be provided to the defendant."  (Docket #9, p. 8).  Based on that
representation, the defendant's request is DENIED on the basis that it is moot.


**8.      Permission To *Voir Dire* Government Experts
         Outside The Presence Of The Jury:**

The defendant requests an order pursuant to Rule 104 of the F.R.E.
permitting him to "*voir dire* any proposed government experts at trial outside the
presence of the jury."  This motion is premature and is best left for determination by the
trial judge and therefore, said motion is DENIED with the right of the defendant to make
it *de novo* at the trial before the trial judge pursuant to Rule 104(a) F.R.E.


**9.      "Disclosure Of Grand Jury Transcripts:"**

The defendant has moved, pursuant to Rule 6(e)(3)(C)(I) of the Federal
Rules of Criminal Procedure "for the disclosure of transcripts of all testimony before and
all exhibits considered by the grand jury that indicted" the defendant.  In support of this
request, the defendant merely asserts that he "has a particularized need for the
transcripts, in order to present a vigorous defense, which outweighs the grand jury
policy of secrecy."  (Docket #7, p. 17).

It is a long-established rule that "[t]he burden. . . is on the defense to show that 'a particularized need' exists for the minutes [of the grand jury] which outweighs the policy of secrecy." *Pittsburg Plate Glass Co v. United States*, 360 U.S. 395, 400 (1959). The assertion of the defendant as to his "particularized need" is legally insufficient to require disclosure of the grand jury proceedings as requested by him.  It is pointed out that transcripts of grand jury testimony of witnesses called by the government to testify at trial must be made available to the defendant pursuant to and in accordance with the provision of 18 U.S.C.  § 3500.

It is also pointed out that:

> [A]n indictment valid on its face is not subject to challenge
> on the ground that the grand jury acted on the basis of
> inadequate or incompetent evidence.

*United States v. Calandra*, 414 U.S. 338, 345 (1978).

Furthermore,

> An indictment returned by a legally constituted and unbiased
> grand jury, like an information drawn by the prosecutor, if
> valid on its face, is enough to call for trial of the charge on
> the merits.  The Fifth Amendment requires nothing more.

*Costello v. United States*, 350 U.S. 359, 363 (1956).

Therefore, defendant's request for disclosure of the grand jury proceedings is DENIED.

**10.    Permission "To Make Other Motions:"**

The defendant requests permission to file additional motions "which may be necessitated by due process of law, by the Court's ruling on the relief sought herein, by additional discovery provided by the government or investigation made by the defense, and/or any information provided by the government in response to the defendant's demand."  (Docket #7, p. 17).  This request is GRANTED subject to the limitations as contained in the aforesaid quote.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Decision and Order be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Decision and Order in accordance with the above statute, Fed. R. Crim. P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance.  *See, e.g., Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).  **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.**  *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

-8-

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Judge's refusal to consider the objection.**

**S/ H. Kenneth Schroeder, Jr.**
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**

**DATED:**      **Buffalo, New York**
              **February 6, 2008**